Jose G. Santiago, Esq.
THE SANTIAGO LAW FIRM, P.C.
356 Middle Country Road, Suite 311
Coram, New York 11727
(631) 240-4355

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO
503 Route 111
Hauppauge, New York 11788
(631) 257-5588

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

| | |
|---|---|
| YDALIA RUBIO-DENAVARRO, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br><br>    -against-<br><br>JOHN HARVARD'S BREW HOUSE NEW YORK, L.L.C.<br>and CENTERPLATE, INC.,<br>                 Defendants. | 15 – CV – 7091<br><br>COMPLAINT<br><br>*Jury Trial Demanded* |

-----------------------------------------------------------------------

      Plaintiff YDALIA RUBIO-DENAVARRO, on behalf of herself and on behalf of all other persons similarly situated, by her attorneys, the Santiago Law Firm and the Law Office of Peter A. Romero, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

    1.    Plaintiff brings this action against Defendants under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981a and Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991, to redress the deprivation of Plaintiff's civil rights.

    2.    Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees of Defendants as a class action under Federal Rule of Civil Procedure 23 to

remedy violations of the New York Labor Law ("NYLL") Article 19, §650 et seq. and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367.

4.     Venue lies in this judicial district pursuant to 28 U.S.C.§ 3191(b) as this action arose, in substantial part, within the Eastern District of New York, where the unlawful employment practices alleged herein occurred.

5.     On July 16, 2015, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and national origin and retaliation under charge number 520-2015-03130.

6.     On or about November 17, 2015, the EEOC notified Plaintiff of her right to request a Notice of Right to Sue letter.  On November 23, 2015, the undersigned requested a Notice of Right to Sue from the EEOC.  Plaintiff will amend this pleading upon receipt of a notice of dismissal from the EEOC.

## PARTIES

7.     Plaintiff is an adult female of Hispanic origin who resides in the County of Suffolk and State of New York.

8.     Defendant JOHN HARVARD'S BREW HOUSE NEW YORK, L.L.C. ("John Harvard's") is a domestic limited liability company engaged in the restaurant industry.

9.     Defendant CENTERPLATE, INC. ("Centerplate") is a Delaware Corporation engaged in the restaurant and hospitality.

10.     At all times relevant, Defendant John Harvard's was and still is an employer subject to the provisions of Section 1981, Title VII and the NYLL.

11.     At all times relevant, Defendant Centerplate was and still is an employer subject to the provisions of Section 1981, Title VII and the NYLL.

12.     At all times relevant to the Complaint, Plaintiff was an employee subject to the protections afforded by Section 1981, Title VII and the NYLL.

13.     Plaintiff was employed jointly by Defendant John Harvard's and Defendant Centerplate and Defendants are responsible, both individually and jointly, for the deprivation of Plaintiff's civil rights and the unlawful employment practices complained of herein.

## STATEMENT OF FACTS

14.     Plaintiff commenced employment with Defendants as a line cook at the John Harvard's restaurant located at 2093 Smithhaven Plaza, Lake Grove, New York 11755.

15.     Beginning in or about October 2014, Plaintiff worked under the supervision of Justin Zervas ("Zervas"), a restaurant manager who frequently made disparaging remarks in the workplace about Hispanics, such as "Hispanics are ignorant" and referring to Hispanic employees, stated "I can't work with you guys."

16.     Zervas treated non-Hispanic employees more favorably than Hispanic employees. For example, non-Hispanic employees arrived late to work and left work early with impunity, but Zervas reprimanded Hispanic employees for comparable conduct.

17.     In November 2014, a Hispanic employee, Nicole, complained to Zervas that a non-Hispanic employee, Daniela, had been texting while on duty instead of helping with group tasks. Zervas responded to Nicole's complaint by stating, "I don't talk to ignorant people" (meaning Hispanics) and issued Nicole a write-up.

18.     Plaintiff called the company-wide complaint hotline listed in Defendant Centerplate's employee handbook and reported Zervas' discriminatory conduct.

19.     After Plaintiff complained Zervas' discriminatory conduct, she was treated differently at work.  For example, she was suddenly issued reprimands for minor infractions that were typically overlooked, such as arriving to work one or two minutes late, and rushed to finish her breaks.  Plaintiff's work was increasingly scrutinized and she was unjustly issued disciplinary warnings for conduct alleged to occur on days that she did not work.

20.     On April 29, 2015, Plaintiff contacted Centerplate again to complaint about Zervas' discriminatory conduct.

21.     On May 6, 2015, a representative from Centerplate's human resources department informed Plaintiff that she was suspended without pay pending an investigation of her discrimination complaint.

22.     On May 13, 2015, Defendants terminated Plaintiff for "insubordination."

23.     Defendants thereby retaliated against Plaintiff for opposing workplace discrimination.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

24.     From November 2009 through May 6, 2015, Plaintiff regularly worked in excess of ten hours per day.

25.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which Plaintiff worked more than ten hours.

26.     Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendants in non-exempt positions at John Harvard's restaurants in the State

of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of the judgment in the case ("the Rule 23 Class").

27.     The persons on the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

28.     The Rule 23 Class Members are readily ascertainable.  For purposes of notice and other purposes related to this action their names and address are readily available from Defendant.

29.     Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

30.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(i)     Whether the New York Class Representative and Rule 23 Class are non-exempt employees entitled to spread-of-hours pay;

(ii)     What were the policies, practices, programs, procedures, protocols and plans of the Defendant regarding the payment of wages;

(iii)     Whether Defendant failed and/or refused to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(iv)     The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

(v)      Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class spread-of-hours pay was done willfully or with reckless disregard of the wage and hour laws.

31.      The claims of the Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendant in excess of ten hours per work day and have not been paid spread-of-hours pay for each day in which they worked in excess of ten hours.

32.      The relief sought by Plaintiff is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practice of the Defendants, as alleged herein, of failing to pay spread-of-hours pay when they worked more than ten hours in a day.

33.      Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

34.      Plaintiff has retained counsel competent and experienced in class actions and in labor and employment litigation.

35.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources.  Treating the claims as a class action

would result in a significant savings of these costs.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

36.    Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
### Retaliation in Violation of Section 1981

37.    Plaintiff repeats and realleges each and every allegation as though set forth fully herein.

38.    By the acts and practices described above, Defendants retaliated against Plaintiff in violation of Section 1981 because she insisted upon a work environment free of discrimination and because she complained about discrimination.

39.    Defendants' actions were intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of causing harm to Plaintiff.

40.    Defendants acted with malice and/or reckless indifference to Plaintiff's constitutionally protected rights.

41.     As a direct and proximate cause of Defendants' acts, Plaintiff is now suffering and will continue to suffer loss of income and other employment benefits and damages for mental anguish and humiliation as a result of Defendants' retaliatory acts.

42.     Plaintiff is entitled to compensatory damages, punitive damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

43.     Plaintiff repeats and realleges each and every allegation as though set forth fully herein.

44.     By the acts and practices described above, Defendants retaliated against Plaintiff in violation of Title VII because she insisted upon a work environment free of discrimination and because she complained about discrimination.

45.     Defendants' actions were intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of causing harm to Plaintiff.

46.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

47.     As a direct and proximate cause of Defendants' acts, Plaintiff is now suffering and will continue to suffer loss of income and other employment benefits and damages for mental anguish and humiliation as a result of Defendants' retaliatory acts.

48.     Plaintiff is entitled to compensatory damages, punitive damages, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### Violation of the NYLL

49.     Plaintiff repeats and realleges each and every allegation as though set forth fully herein.

50.     Defendants failed to pay Plaintiff and the members of the proposed class one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law 650 et seq. and 12 NYCRR §142-2.4.

51.     Defendants' failure to pay spread-of-hours pay was willful.

52.     As a result of Defendants' violations, Plaintiff and members of the proposed class are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated persons, prays for the following relief:

(i)     Judgment awarding Plaintiff back pay with pre-judgment interest, compensatory damages, and punitive damages under Section 1981 and Title VII;

(ii)    Designation of Plaintiff as class representative and counsel of record as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iii)   Issuance of declaratory judgment that the pay practice complained of in this Complaint are unlawful under the NYLL and the supporting Department of Labor Regulations;

(iv)   Judgment awarding Plaintiff and members of the proposed class unpaid wages, liquidated damages and pre-judgment interest under the NYLL;

(v)   Judgment awarding attorneys' fees, costs and disbursements; and

(vi)   Such other and further relief as this Court may deem just and proper.

Dated: December 8, 2015

*Jose G. Santiago*

THE SANTIAGO LAW FIRM, P.C.
By: Jose G. Santiago, Esq.
356 Middle Country Road, Suite 311
Coram, New York 11727
(631) 240-4355
jose@santiagolawfirm.com

*Peter A. Romero*

LAW OFFICE OF PETER A. ROMERO
By: Peter A. Romero, Esq.
503 Route 111
Hauppauge, New York 11788
(631) 257-5588
Peteraromero@gmail.com

*Attorneys for Plaintiff*